# THE ATTORNEY GENERAL
## OF TEXAS
Gerald C. Mann                          AUSTIN 11, TEXAS
XHDIMDXXBHXXXXBXJCXXXXXXP



Hon. Clifford B. Jones                Opinion No. O-1607
President                             Re:  Building college print-
Texas Technological College          ing shop and issuing revenue
Lubbock, Texas                        bonds in payment thereof.

Dear Sir:

        We have your letter wherein you request our opinion
on the following question:

        "Does the Board of Directors of Texas Tech-
    nological College have authority to issue evi-
    dence of obligations for building a building
    to house the college printing shop under a
    pledge of revenues therefrom, same to be built
    from funds borrowed from sources other than the
    United States Government?"

        The authority of the Board of Directors to borrow
money to build a building to house the college printing shop
is contained in the provisions of Article 2603c of Vernon's
Annotated Civil Statutes, as amended.  Section 1 of said Arti-
cle 2603c, as amended by Senate Bill 393, Acts of the Regular
Session, Forty-sixth Legislature, 1939, reads in part as fol-
lows:

        "Section 1.  That the Board of Regents of the
    University of Texas and its branches, and the Board
    of Directors of the Agricultural and Mechanical
    College, and its branches, and the Board of Direc-
    tors of Texas Technological College, and the Board
    of Regents of the State Teachers Colleges, and the
    Board of Regents of the Texas State College for
    Women, and the Board of Directors of the College
    of Arts and Industries are hereby severally author-
    ized and empowered to construct or acquire through
    funds or loans to be obtained from the Government
    of the United States, or any agency or agencies
    thereof, created under the National Recovery Act,
    or otherwise created by the Federal Government or
    from any other source private or public, without
    cost to the State of Texas, and accept title, sub-
    ject to such conditions and limitations as may be

prescribed by each of said Boards, dormitories, kitchens and dining halls, hospitals, libraries, student activity buildings, gymnasia, athletic buildings and stadia, <u>and such other buildings as may be needed for the good of the institution and the moral welfare and social conduct of the students of such institutions</u> when the total cost, type of construction, capacity of such buildings, as well as the other plans and specifications have been approved by the respective Governing Boards; provided, however, that the Legislature shall never make an appropriation out of the general fund of this State, either in the regular appropriation bill or in a supplemental or emergency appropriation bill, for the purpose of equipping or for the purpose of purchasing and installing any utility connections in any of the buildings erected under and by virtue of the provisions of this Act."

Section 2 of said Article 2603c, as amended by Chapter 459, Acts of the Second Called Session, Forty-fourth Legislature (1934) provides that the Boards for the various colleges are authorized to fix fees and charges for the use of the buildings erected. Said section then further provides as follows:

"The fees and charges thus fixed along with all other income therefrom shall be considered as revenue derived from the operation of the buildings thus constructed."

Section 3 of said Article 2603c, as amended by Senate Bill 160, Acts of the Regular Session, Forty-sixth Legislature (1939) reads in part as follows:

"Section 3. Subject to the above restrictions, each of said Boards is given complete discretion in fixing the form, conditions and details of such bonds or notes. Any bonds or notes issued hereunder shall not be an indebtedness of the State of Texas, but shall be payable solely from the revenues to be derived from the operation of said buildings; provided that such bonds may be refinanced by the said Boards whenever such action is found by the Board to be necessary."

Section 4 of said Article 2603c, as amended by Chapter 204, Acts of the Forty-fourth Legislature (1934) provides in part as follows:

"Section 4. Each of said Boards is authorized and empowered to pledge all or a part of such revenues to the payment of such bonds or notes, and to enter such agreements regarding the imposition of sufficient charges and the collection, pledge and disposition of such revenues as it may deem proper."

We believe that the above quoted provisions of Article 2603c authorizes the Board of Directors of Texas Technological College to issue evidence of obligations for building a building to house the college printing shop under a pledge of revenues derived from the operation of said building. Said bonds must be paid _solely_ from the revenues derived from the operation of the building and no payment can be made from funds appropriated to the College by the Legislature. Section 1 of said statute authorizes the construction of buildings which "may be needed for the good of the institution." However, we point out here that the Board of Directors of said institution must in the exercise of good faith and discretion determine whether or not said building is one that is needed for the good of the institution. Section 1 of said statute also provides that such a loan may be obtained from any source, either private or public. Under Section 2 of said article, as well as other portions of said statutes above quoted, authority is given to execute notes bearing interest as high as six per cent, payable over a period not exceeding forty years. We might add that this department has, in Opinion Number O-1694, addressed to Honorable Tom C. King, State Auditor, Austin, Texas, held the above quoted statutory provisions constitutional. Therefore, it is the opinion of this department that the Board of Directors of Texas Technological College has authority to issue evidence of obligations for building a building to house the college printing shop under a pledge of revenues derived from the operation of said building, same to be built from funds borrowed from sources other than the United States Government.

Trusting that this satisfactorily answers your question, we remain

APPROVED JAN 16, 1940
/s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN
COB-s:wb

Very truly yours

ATTORNEY GENERAL OF TEXAS
By /s/ Claud O. Boothman
Claud O. Boothman, Assistant